IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **CITY OF PICAYUNE,** *A Mississippi Municipality* | **PLAINTIFF** |
| v. | Civil No. 1:11-cv-00435-HSO-RHW |
| **LANDMARK AMERICAN INSURANCE COMPANY** | **DEFENDANT** |

## ORDER DENYING DEFENDANT LANDMARK AMERICAN INSURANCE COMPANY'S MOTION TO DISMISS

BEFORE THE COURT is the Motion to Dismiss [14], pursuant to FED. R. CIV. P. 12(b)(6), filed by Defendant Landmark American Insurance Company. Plaintiff City of Picayune, Mississippi, has filed a Response [18], and Defendant a Reply [20]. After consideration of the parties' submissions, the record, relevant legal authorities, and for the reasons discussed below, the Court finds that Defendant's Motion to Dismiss [14] should be denied.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff City of Picayune (the "City") is a municipality located in Pearl River County, Mississippi. Pl.'s Compl. [1-1] at p. 2, Ex. A to Def.'s Not. of Removal [1]; Def.'s Answer [8] at p. 3. Defendant Landmark American Insurance Company ("Landmark") issued the City a policy of insurance (the "Policy"). Policy [1-3], Ex. C to Def.'s Not. of Removal [1]. On June 13, 2009, a fire damaged one of the City's buildings. Pl.'s Compl. [1-1] at p. 3. The City maintains that the damage is covered by the Policy. *Id.* On September 29, 2011, it filed a Complaint to Compel Appraisal against Landmark in the Chancery Court of Pearl River County, Mississippi,

submitting that Landmark has breached the terms of the Policy by refusing to appraise the fire damage and determine the amount of the City's losses. *Id.* On November 16, 2011, Landmark filed a Notice of Removal [1] to this Court on the basis of diversity jurisdiction.

Landmark has filed the instant Motion to Dismiss [14], alleging that the City's suit should be dismissed because it filed this action more than two years after the fire damage occurred. Def.'s Mem. [15] in Supp. of Mot. to Dismiss [14] at p. 2. It relies upon the following provision in the Policy:

> D. LEGAL ACTION AGAINST US
>
> No one may bring a legal action against us under this Coverage Part unless:
>
> 1. There has been full compliance with all of the terms of this Coverage Part; and
>
> 2. The action is brought within 2 years after the date on which the direct physical loss or damage occurred.

Policy [1-3] at p. 25.

The City contends that the two year contractual limitation contained in the Policy is rendered null and void by Mississippi Constitution Article 4, section 104 and Mississippi Code Annotated section 15-1-51, which both provide that "[s]tatutes of limitation in civil cases shall not run against the state, or any subdivision or municipal corporation thereof." Pl.'s Resp. [19] at pp. 4-6. It further maintains that the contractual limitation in the Policy is not enforceable because Mississippi Code

Annotated section 15-1-5 prohibits modifying statutes of limitation by contract. Pl.'s Resp. [19] at pp. 4-6. Landmark argues that because statutes of limitation do not apply to municipalities, the contractual limitation in the Policy does not modify a statute of limitation as prohibited by section 15-1-5. Def.'s Reply [20] at p. 4. It submits that neither Mississippi Constitution Article 4, section 104, nor sections 15-1-51 and 15-1-5 of the Mississippi Code prohibit the City "from entering into contracts that limit the City's rights." *Id.* at p. 2.

## II. DISCUSSION

A. Legal Standard

A motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). "Under Rule 12(b)(6), a claim should not be dismissed unless the court determines that it is beyond doubt that the plaintiff cannot prove a plausible set of facts that support the claim and would justify relief." *Lane v. Halliburton,* 529 F.3d 548, 557 (5th Cir. 2008)(citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-58 (2007)). All well-pleaded facts must be viewed in the light most favorable to the plaintiff. *Fin. Acquisition Partners LP v. Blackwell,* 440 F.3d 278, 286 (5th Cir. 2006).

B.  Analysis

The Mississippi Constitution provides:

> Statutes of limitation in civil causes shall not run against the state, or any subdivision or municipal corporation thereof.

Miss. Const. art. IV, § 104.

The Mississippi Code provides:

> Statutes of limitation in civil cases shall not run against the state, or any subdivision or municipal corporation thereof .
> . . .

Miss. Code Ann. § 15-1-51.

The Mississippi Code further provides:

> The limitations prescribed in this chapter shall not be changed in any way whatsoever by contract between the parties, and any change in such limitations made by any contracts stipulation whatsoever shall be absolutely null and void, the object of this section being to make the period of limitations for the various causes of action the same for all litigants.

Miss. Code Ann. § 15-1-5.

The applicable limitation for a lawsuit under an insurance contract is three years. Miss. Code Ann. § 15-1-49(1). Landmark concedes that Mississippi Code Annotated section 15-1-5 prohibits modification of this statute of limitation by contract in suits between private litigants. Def.'s Mem. [15] in Supp. of Mot. to Dismiss [14] at p. 3; *see Chimento v. Fuller,* 965 So. 2d 668, 674 (Miss. 2007)("Section 15-1-5 renders any changes to the statute of limitations null and void."). It argues, however, that section 15-1-5 is inapplicable here because statutes

of limitation do not apply to municipalities, and therefore the two year contractual limitation period in the Policy does not modify or shorten a statute of limitation. Def.'s Reply [20] at p. 4. Landmark contends that "[c]learly, Miss. Code § 15-1-5 only applies to private litigants against whom a limitation found in Chapter 15 may run." Def.'s Mem. [15] in Supp. of Mot. to Dismiss [14] at p. 4. It submits that "[o]nly the Legislature is barred from imposing time limits on the City. There is no provision in the Constitution or any statute which prevents the City from imposing time limits on itself by contract." Def.'s Reply [20] at p. 4.

Landmark has cited no precedent wherein a court has found that the State, any subdivision of the State, or a municipality has the authority to agree to a contractual provision which modifies or limits its time period for filing suit. The Court has furthermore located no such authority. The City has cited two Mississippi Attorney General Opinions which address this issue. The Mississippi Attorney General has opined that because Mississippi Constitution Article 4, section 100 prohibits diminishing or relinquishing an obligation or claim held or owned by the State, a county may not enter into a contract that lowers or modifies the statute of limitation for filing a claim. Op. Att'y Gen. No. 2002-0606, Chamberlin, October 18, 2002. The Attorney General has also reasoned that "any attempt to require contract terms seeking to limit the liability of a private vendor or specifying a limitation period different than the general limitation period prescribed for contractual claims would be unenforceable," pursuant to Mississippi Code Annotated section 15-1-5. Op. Att'y Gen. No. 2003-0629, Thomas, December 2,

2003.

In a suit between private litigants, the Mississippi Supreme Court has expressly stated that it "will not enforce a contractually created time limitation on suits." *Covenant Health Rehab. of Picayune, L.P. v. Brown,* 949 So. 2d 732, 740 (Miss. 2007), *rev'd on other grounds, Covenant Health Rehab. of Picayune, LP v. Estate of Moulds ex rel. Braddock,* 14 So. 3d 695 (Miss. 2009). It has characterized attempts to create contractual provisions which shorten statutes of limitation as oppressive and unconscionable. *Id.*; *Pitts v. Watkins,* 905 So. 2d 553, 558 (Miss. 2005). The Court is not persuaded that the Mississippi Supreme Court would find that private litigants are protected from "oppressive and unconscionable" contractual limitation periods by virtue of Mississippi Code Annotated section 15-1-5, but that the State, its subdivisions, and municipalities are not able to avail themselves of similar protections given the language of Mississippi Constitution Article 4, section 104 and Mississippi Code section 15-1-51.

Even if Landmark is correct that section 15-1-5 has no application where municipalities are concerned, this does not alter the clear and unambiguous language of the Mississippi Constitution and Mississippi Code, which both provide that statutes of limitation in civil cases, such as this one, "[s]hall not run against the state, or any subdivision or municipal corporation thereof." Miss. Const. art. IV, § 104; Miss. Code Ann. § 15-1-51. The protection from statutes of limitation afforded to governmental entities by these laws cannot be circumvented by a contract, which in effect, subjects them to statutes of limitation, which are then

raised by a defendant as a complete defense to liability. A contrary ruling would create an exception which swallows the rule clearly set forth in the Mississippi Constitution and Code that statutes of limitation do not run against the State, its subdivisions, or municipalities. Such a result would be inapposite to what seems the clear purpose underlying Mississippi Constitution Article 4, section 104, namely "that the body politic should not suffer because of the neglect or procrastination of its public servants in promptly asserting and protecting the rights and interests of the general public in civil matters." *Gibson v. State Land Comm'r,* 374 So. 2d 212, 216 (Miss. 1979), *rev'd on other grounds, Bd. of Trs. of Monroe Co. Bd. of Educ. v. Rye,* 521 So. 2d 900 (Miss. 1988). As a matter of law, the two year contractual limitation in the Policy does not bar the City's claim.

### III. CONCLUSION

For the foregoing reasons, the Rule 12(b)(6) Motion to Dismiss [14], filed by Defendant Landmark American Insurance Company, is not well taken and should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated herein, Defendant Landmark American Insurance Company's Rule 12(b)(6) Motion to Dismiss [14], is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 31st day of January, 2013.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE